IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD HANCOCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IDAHO FALLS SCHOOL DIST.<br>NO. 91; BOARD OF TRUSTEES,<br>IDAHO FALLS SCHOOL DIST.<br>NO. 91; SUPERINTENDENT JOHN<br>MURDOCK, in his official capacity<br><br>　　　　　Defendants. | Case No. CV-04-537-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Reconsideration (Docket No. 53), Defendants' Motion for Reconsideration (Docket No. 60) and Defendants' Motion to Strike Corrected Declaration of Richard Hancock and Corrected Declaration of John Rumel in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Reconsideration (Docket No. 75). Each party is seeking reconsideration of portions of the Court's May 2, 2006 Memorandum Decision and Order ("May 2 Order"). In that order, the Court addressed two motions for summary judgment filed by Defendants and one motion for summary

**Memorandum Decision and Order - 1**

judgment filed by Plaintiff Richard Hancock.  The motions addressed each of the fifteen claims in Plaintiff's Complaint.  The motions were extensively briefed, with several briefs exceeding the standard page limits.  Moreover, oral argument on the motions was limited.

Because of the number of claims addressed by the motions, coupled with the extensive briefing but lack of focus on certain issues, the Court broke tradition and invited motions for reconsideration of its May 2 Order.  The Court will address the motions on a per claim basis below.

## ANALYSIS

Reconsideration is appropriate only if one of the following three criteria are met: (1) the Court is presented with newly discovered evidence; (2) the Court committed clear error or its decision was manifestly unjust; or (3) there is an intervening change in controlling law.  *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Neither party has provided the Court with newly discovered evidence or reference to an intervening change in controlling law.  However, as stated above, the Court invited motions to reconsider in this case with the understanding that because certain issues may have been overlooked by the Court, portions of the May 2 Order may have been manifestly

**Memorandum Decision and Order - 2**

unjust. Accordingly, the Court will consider the motions to reconsider under the manifestly unjust standard, generally finding that where the Court erred or failed to rule on a matter, it was manifestly unjust.

### I.  Motions to Reconsider

#### A.  Second Claim for Relief - Violation of Idaho Constitution

Hancock seeks reconsideration of the Court's grant of summary judgment in favor of Defendants on Hancock's second claim for relief. In its May 2 Order, the Court determined that "a state constitutional guarantee does not, in itself, establish a cause of action for money damages against the state in favor of a person alleging deprivation of a property right in free speech and assembly cases." (May 2 Order, p. 6). The Court went on to conclude that "the Court will grant summary judgment in favor of Defendants as to Hancock's claim for damages under the Idaho Constitution." (May 2 Order, p.7).

It was unclear from the earlier briefs and the Court's cursory review of the Complaint whether Hancock was also seeking equitable and/or declaratory relief under his second claim for relief. Hancock has now drawn the Court's attention to paragraph 45 of the allegations portion of the Complaint, and paragraph 2 of the prayer for relief portion of the Complaint, where Hancock requests relief in the form of equitable and/or declaratory relief for violations of the Idaho Constitution.

**Memorandum Decision and Order - 3**

Under these circumstances, the Court will conclude that, based on the fact that the freedom of speech and association protections under the Idaho Constitution are substantially similar to freedom of speech and association protections under the United States Constitution, and because the Court has already granted summary judgment in favor of Hancock on his federal freedom of speech and association claim, the Court will now grant summary judgment in favor of Hancock on his state constitution claim as well. However, the Court will not reverse its decision with respect to Hancock's claim for money damages under his second claim for relief. Hancock cannot recover money damages under his Idaho Constitution claim. Any relief granted will be in the form of equitable and/or declaratory relief.

### B.     Third Claim for Relief - Violation of Idaho Code § 33-518

Defendants seek reconsideration of the Court's denial of summary judgment in favor of Defendants on Hancock's third claim for relief. Defendants essentially re-argue their position that there exists no private right of action under Idaho Code § 33-518. For the reasons stated in the Court's May 2 Order, the Court stands by its conclusion that it will recognize a private right of action under Idaho Code § 33-518.

Defendants also suggest that if the Court recognizes a private right of action under Idaho Code § 33-518, Hancock's remedies should be limited. The Court

will not issue a ruling on the available remedies at this point. The remedy will be determined once liability is or is not established. Accordingly, the Court will deny Defendants' motion for reconsideration and uphold its denial of summary judgment as to Hancock's third claim for relief.

### C. Fourth Claim for Relief - Violation of Idaho Code § 33-513(5) and the Non-Delegation Doctrine

Defendants seek reconsideration of the Court's grant of summary judgment in favor of Hancock on his fourth claim for relief. This Court concluded in its May 2 Order that Defendants violated Idaho Code § 33-513(5) when Superintendent Murdock suspended Hancock on October 25, 2002. Defendants contend that the Court failed to recognize that the School Board ratified the Superintendent's actions, making the suspension appropriate. However, this Court agrees with other courts which have determined that "if a power is not delegable, its exercise by another may not be accorded legal vitality through ratification." *Myers v. Greater Clark County School Corp.*, 464 N.E.2d 1323, 1331 (Ind. App. 1984) (finding superintendent's actions in discharging plaintiff was wholly beyond the scope of his authority, and that it was of such character that ratification by the school board could not be productive of the same results which would surely follow positive action on its part). Thus, even if the School Board's actions in this case could be factually construed as ratification of Superintendent Murdock's actions, they do

**Memorandum Decision and Order - 5**

not amount to legal ratification. The Court will therefore deny Defendants' motion to reconsider and stand by its grant of summary judgment in favor of Hancock on his fourth claim for relief.

### D. Claims Five-Eleven and Fifteen, Breach of Contract Claims

Hancock seeks reconsideration of the Court's grant of summary judgment in favor of Defendants on Hancock's breach of contract claims. The Court granted summary judgment in favor of Defendants because it appeared from the earlier briefing that Hancock failed to incur economic damages for his breach of contract claims. Hancock asserts that he did, in fact, incur economic damages in the form of counseling expenses, potential loss of his NBPTS certification, and costs associated with the purchase of new material for his high school classes. Hancock also claims that he should be allowed to seek equitable and/or declaratory relief on his breach of contract claims.

#### 1. Economic Damages

With respect to counseling expenses, Hancock states that he testified in his deposition that he incurred counseling expenses due to the School District's conduct. However, although Hancock testified that he sought counseling, nowhere in his deposition testimony, at least not in the portions referenced by Hancock, does he testify that he incurred any personal expenses for the counseling.

**Memorandum Decision and Order - 6**

(Affidavit of Brian Julian, Ex. B, Hancock depo. p. 164). Thus, Hancock's claim for counseling expenses fails.

As to Hancock's potential loss of his NBPTS certification, Hancock states that he believes that sometime in the future he will have problems re-certifying and therefore lose money associated with his NBPTS certification. (Affidavit of Brian Julian, Ex. B, Hancock depo. pp. 140-41). Hancock's mere speculation is not enough to support an economic damages claim. Therefore, Hancock's claim for money damages due to the potential loss of his NBPTS certification fails as well.

Finally, Hancock asserts that he was economically damaged because he was forced to incur necessary expenses by purchasing new material for his high school class. Hancock testified that he spent somewhere between $500.00 and $1,000.00 on new curriculum material. (Affidavit of Brian Julian, Ex. B, Hancock depo. p. 150). There is some dispute over whether, and in what amount, Hancock could or should have sought reimbursement from the School District for his expenses. Still, under these circumstances, the Court finds that Hancock has made a claim for damages sufficient to survive summary judgment. Hancock's economic damages relate only to his breach of contract claims alleging wrongful transfer, however. Those claims include claims seven, eight and nine. Hancock has thus failed to assert economic damages for his other breach of contract claims.

**Memorandum Decision and Order - 7**

## 2.     Equitable and/or Declaratory Relief

In its May 2 Order, the Court explained that it is a fundamental premise of contract law that, although a plaintiff may have been legally wronged, the plaintiff cannot recover damages unless he was economically injured. *See Bergkamp v. Martin*, 759 P.2d 941 (Idaho Ct. App. 1988). Hancock points out that the Court in *Bergkamp* went on to state that if a plaintiff "wishes to protect some noneconomic interest in a contract, then he may pursue another remedy such as injunctive relief or specific performance." *Id*. Still, in another Idaho Supreme Court case cited by Hancock, the court makes clear that "[t]here is no legal right to specific performance. Specific performance is an extraordinary remedy that can provide relief when legal remedies are inadequate. . . . [S]pecific performance is an equitable remedy and should not be granted when it would be unjust, oppressive, or unconscionable. When seeking the remedy of specific performance . . . a party comes into a court of conscience asking for a remedy beyond the letter of his strict legal right . . . ." *Kessler v. Tortoise Development Co.*, 1 P.3d 292, 298 (Idaho 2000) (internal citations and quotations omitted). "The decision to grant specific performance is a matter within the district court's discretion." *Id*.

In his Complaint, Hancock's only request for equitable and/or declaratory relief is a request for an order requiring the School District to rescind the no

**Memorandum Decision and Order - 8**

contact order imposed on Hancock. (See Complaint, ¶ 2 under Prayer for Relief). Such relief is best sought under Hancock's constitutional claims. Moreover, even with the issue of noneconomic damages now at the forefront of the briefing, Hancock's request for equitable and/or declaratory relief appears to be limited to a request that he be reinstated to his previous assignment at the junior high school. Hancock makes other general statements about determining rights under the Master Contract, but he makes no other specific requests for equitable and/or declaratory relief.

Under these circumstances, the Court finds that even if Hancock prevails on his breach of contract claims, his breach of contract remedies (other than the economic damages addressed above) will be limited to reinstatement to his former position. Such relief is only relevant to Hancock's involuntary transfer claims, which include claims seven, eight and nine.

Accordingly, with respect to claims five, six, ten, eleven and fifteen, the Court will not reconsider its decision to grant summary judgment in favor of Defendants for failure to seek proper damages. However, having determined that Hancock may seek both economic damages for costs incurred in purchasing materials for his high school class, as well as equitable and/or declaratory relief in the form of reinstatement to his former position, the Court will reconsider its

**Memorandum Decision and Order - 9**

decision with respect to claims seven, eight and nine.  The Court will therefore address whether those three claims will remain or whether the Court will grant summary judgment for other reasons asserted by the parties.

### 3.      Seventh Claim for Relief

There is no dispute that Article 9-3 of the IFEA-School Board Negotiated Master Contract ("Master Contract") is part of the individual contract between Hancock and the School Board.  It is also undisputed, and clear from the record, that the School Board did not follow the involuntary transfer procedure outlined in Article 9-3 when it transferred Hancock.  Defendants contend, however, that School Board Policy 202.1.5 gives the Superintendent authority to transfer a teacher at any time because of extenuating circumstances or emergencies.  Defendants argue that extenuating circumstances, pursuant to Board Policy 202.1.5, relieve the School Board of its duties under Article 9-3.

It is unclear and ambiguous as to whether Article 9-3 of the Master Contract and Board Policy 202.1.5 conflict with each other.  Specifically, it is unclear whether extenuating circumstances relieve the School Board from the requirements under Article 9-3 of the Master Contract.  Moreover, although Hancock cites case law stating that a teacher's individual contract is subsidiary to the terms of the Master Agreement between the board of trustees of a school district and the local

**Memorandum Decision and Order - 10**

education organization, the context of that decision was distinguishable, if not completely at odds, with this case. *See Robinson v. Joint School Dist. No. 331*, 670 P.2d 894, 899 n.2 (Idaho 1983). In that case, the court determined that a teacher's individual contract may not waive any of the benefits of the master contract. *Id.*

Additionally, whether extenuating circumstances existed in this case is a question of fact. Hancock's transfer was prompted by what the School Board termed inappropriate contact with a student and verbal threats made against a school district employee. These are questions best left to a jury.

Accordingly, with respect to Hancock's seventh claim for relief, the Court will not grant summary judgment in favor of either party because genuine issues of material fact exist as to whether there was a breach of contract based on a violation of Article 9-3 of the Master Contract.

### 4.   Eighth Claim for Relief

As with Article 9-3 of the Master Contract, there is no dispute that Article 6-2 is part of the individual contract between Hancock and the School Board. Article 6-2 states, among other things, that no teacher shall be deprived of any professional advantage without just cause. Hancock claims that the School Board's decision to suspend, transfer and force him into taking a psychological exam deprived him of professional advantage without just cause.

**Memorandum Decision and Order - 11**

As stated earlier, Hancock's claims for economic damages and his claims for equitable and/or declaratory relief relate only to his involuntary transfer. Thus, Hancock may only proceed with his Article 6-2 breach of contract claim as it relates to his involuntary transfer. In that vein, Hancock asserts that by transferring him, the School Board deprived him of his ability to use his national board certification and left him without a classroom for months.

As noted above, Hancock's transfer was prompted by what the School Board termed inappropriate contact with a student and verbal threats made against a school district employee. Whether these events constituted just cause is a factual dispute best left to a jury. Accordingly, as with Hancock's Article 9-3 breach of contract claim, the Court finds that genuine issues of material fact exist as to whether there was just cause for the transfer, and therefore questions of fact remain as to whether the School Board breached the contract by violating Article 6-2 of the Master Contract.

### 5. Ninth Claim for Relief

Hancock claims that Defendants breached the contract by violating Board Policy 202.1.5 when Superintendent Murdock transferred Hancock. In the May 2 Order, the Court already determined that Defendants violated I.C. § 33-513(5) when Superintendent Murdock suspended Hancock. The Court addressed Board

**Memorandum Decision and Order - 12**

Policy 202.1.5 and determined that Superintendent Murdock did not have independent authorization to suspend Hancock. Based on that same reasoning, the Court finds that Defendants breached the contract by violating Board Policy 202.1.5. Thus, the Court will grant summary judgment in favor of Hancock on the liability aspect of his ninth claim for relief. Whether Hancock will recover economic damages or be reinstated to his former position will remain at issue.

  **F.**  **Twelfth Claim for Relief - Invasion of Privacy**

    **1.**  **State Law Claims**

Hancock seeks reconsideration of the Court's grant of summary judgment in favor of Defendants on Hancock's twelfth claim for relief. Hancock sought summary judgment on both the intrusion and public disclosure prongs of his state law based invasion of privacy claim. Defendants sought summary judgment on the public disclosure prong. In the body of its May 2 Order, the Court denied Hancock's motion as to both prongs and granted Defendants' motion as to the public disclosure prong. In the Order section of the May 2 Order, the Court failed to explain that because Defendants had not moved for summary judgment under the intrusion prong of the invasion of privacy claim, the Court was not granting summary judgment on that prong. The Court will make that clear in the Order section of this decision.

**Memorandum Decision and Order - 13**

### 2.   Federal Claim

In his twelfth claim for relief, Hancock states that "Idaho law makes actionable, as a tortious invasion of privacy, conduct by a defendant which intrudes upon an individual's private affairs or constitutes disclosure to third parties or the public of private facts." (Complaint, ¶ 65). Based on this language, the Court addressed Hancock's invasion of privacy claim based only on Idaho state law. Hancock now directs the Court's attention to his federal invasion of privacy claim.[1]

Individuals have a constitutional right to avoid disclosure of personal medical information. *See Walen v. Roe*, 429 U.S. 589, 598-99 (1977); *see also Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004). The right is not absolute, however. "[I]t is a conditional right which may be infringed upon a showing of proper governmental interest." *Tucson*, 379 F.3d at 551. A court looks at the following factors in determining whether an individual's privacy interest outweighs the government interest in disclosure: (1) the type of information involved; (2) the potential for harm in any subsequent non-consensual disclosure; (3) the adequacy of safeguards to prevent unauthorized disclosure; (4) the degree

---

[1] This Court recognizes the liberal notice pleading standard and will therefore consider Hancock's federal invasion of privacy claim. However, the fact that the Court did not consider the federal claim during the first round of briefing in this matter should illustrate to the parties the importance of making claims clear on their face, and the difficulty the Court faces when the parties submit overlength briefs comprising hundreds of pages of material.

**Memorandum Decision and Order - 14**

of need for access to disclosing such information; and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access/disclosure. *Id.*

In this case, information related to Hancock's psychological evaluation was communicated to a small group of Hancock's colleagues. As the Court stated in its May 2 Order, the type of information involved here, Hancock's psychological evaluation, is private information that could potentially harm Hancock if disclosed under the wrong circumstances. However, based on the record before the Court, what safeguards were taken to prevent unauthorized disclosure, and the degree of need for access to disclosing the psychological evaluation to Hancock's colleagues for safety purposes, is unclear. Therefore, the Court finds a factual dispute that is better left for determination by a jury. Accordingly, the Court will deny the motions to the extent either party moved for summary judgment on Hancock's federal invasion of privacy claim.

## II.   Motion to Strike

Based on the Court's determination that Hancock may not pursue damages for counseling expenses or potential loss of income related to Hancock's NBPTS certification, the Court will deem Defendants' Motion to Strike moot.

## ORDER

**Memorandum Decision and Order - 15**

NOW THEREFOR IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 53) shall be, and the same is hereby, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that with respect to Hancock's second claim for relief, the Court will grant summary judgment in favor of Hancock as to liability.  However, Hancock's remedies shall be limited to equitable and/or declaratory relief.

IT IS FURTHER ORDERED the Court's earlier grant of summary judgment shall remain as to Hancock's fifth, sixth, tenth, eleventh and fifteenth claims for relief.  The Court will reverse its grant of summary judgment on Hancock's seventh, eight and ninth claims for relief.

IT IS FURTHER ORDERED that both the liability and damages aspect of Hancock's seventh and eight claims shall remain.

IT IS FURTHER ORDERED that the Court will grant summary judgment in favor of Hancock on the liability aspect of his ninth claim.  The damages aspect of Hancock's ninth claim shall remain.

IT IS FURTHER ORDERED that with respect to Hancock's twelfth claim for relief, the Court will clarify that the Court granted summary judgment in favor of Defendants on Hancock's state public disclosure claim.  However, neither party

**Memorandum Decision and Order - 16**

shall be granted summary judgment on Hancock's state intrusion claim.

IT IS FURTHER ORDERED that neither party shall be granted summary judgment on Hancock's federal public disclosure claim.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration (Docket No. 60) shall be, and the same is hereby, DENIED.  With respect to Hancock's third and fourth claims for relief, the Court's May 2 Order shall stand.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Corrected Declaration of Richard Hancock and Corrected Declaration of John Rumel in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Reconsideration (Docket No. 75) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff's Application to File Reply Memorandum in Excess of Page Limits in Support of Motion for Reconsideration (Docket No. 70) shall be, and the same is hereby, GRANTED.  The Court will note, however, that although the issues presented in this case are somewhat numerous and complex, a reply brief that is approximately three and one half times the standard page limit is extremely excessive.  Future requests to exceed the page

**Memorandum Decision and Order - 17**

limits will be granted only under extraordinary circumstances.



DATED: **July 27, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 18**